IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,335




EX PARTE BONIFACIO JUAREZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 9426944-A IN THE 209TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
firearm by a felon and was sentenced to fifteen years’ imprisonment. 
            Applicant contends, inter alia, that he was denied adequate notice of a parole revocation
hearing by the Texas Board of Pardons and Paroles, and was thereby denied the opportunity to
present a defense to the allegations. Applicant’s parole was revoked on October 17, 2008. 
            Based on documentation provided by the Texas Department of Criminal Justice–Review and
Release Processing Division, the trial court determined that Applicant did not receive notice of the
date upon which the parole revocation hearing would be conducted. We find that Applicant is
entitled to relief. If the Board of Pardons and Paroles has not already done so, it shall conduct a new
parole revocation hearing, and shall provide Applicant with timely notice of the hearing such that
Applicant has at least 30 days in which to prepare for the hearing. Applicant's remaining claims are
dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: April 28, 2010
Do not publish